United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPI SHAFLER,<br><br>    Plaintiff(s),<br><br>    v.<br><br>HSBC BANK USA, et al.,<br><br>    Defendant(s).<br>_____/ | **RELATED CASES**<br><br>No. C 06-5908 PJH<br>No. C 06-6887 PJH<br><br>**VEXATIOUS LITIGANT ORDER** |

     For the reasons stated in the court's February 21, 2007 order, plaintiff Pepi Schafler is declared a vexatious litigant.  The court hereby orders as follows:

     1.    Plaintiff is enjoined from filing any action in the United States District Court for the Northern District of California against HSBC, Manufacturers and Traders Trust Company Bank (M&T), Scott D. Miller, and Cheryl Storie or any of their employees, agents, attorneys, affiliates, subsidiaries, parents, successors, or predecessors that arise out of or is in any way related to the alleged unlawful conversion of her funds in November of 1985, unless and until such an action is first approved by the court.

     2.    To obtain the approval of the court to file an action against any of the individuals identified above, plaintiff must first file an application which shall include the proposed complaint, the evidence that supports the allegations in the complaint or in the absence of such evidence, a declaration setting forth a good faith basis for concluding that she can obtain the evidence necessary to support her allegations.  The application will be assigned to Judge Hamilton unless the Chief Judge of the Northern District assigns another judge for this purpose.  A copy of the application shall be sent by overnight mail to the defendants whom plaintiff intends to include in her complaint.  The parties will be given 15

days from the date of service to respond to the application.

3.  In deciding whether to allow plaintiff to proceed with any new action, the court will consider whether the new action raises any issues that could have been raised in any of the previous actions. The court may, in its discretion, require that plaintiff post a bond in the amount of the fees and costs that the defendants will likely incur in defending against the action. If the defendants prevail in the action, they will be entitled to be compensated out of this bond for the fees and costs incurred in defending against plaintiff's action, notwithstanding any other provisions of the state or federal law limiting the right to recover attorneys' fees and costs.

**IT IS SO ORDERED**

Dated: February 21, 2007

Phyllis J. Hamilton
United States District Judge