UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEPI SCHAFLER,

    Plaintiff,

    v.

HSBC BANK USA, et al.,

    Defendants.
_____/

No. C 06-5908 PJH
No. C 06-6887 PJH
No. C 10-80137 JW

**ORDER**

On April 8, 2011, Judge Ware issued an order referring plaintiff's petition for writ of habeas corpus, filed in Case No. C 10-80137 JW, to the undersigned for determination of whether it falls within the scope of this court's prior pre-review order, filed in C 06-5908 PJH and C 06-6887 PJH.

The court's prior order, issued on February 21, 2007, declared plaintiff to be a vexatious litigant, but was limited in scope. It enjoined plaintiff from filing, without approval by the court, any action within this district against certain named defendants, including HSBC, Manufacturers and Traders Trust Co. Bank, Scott D. Miller, and Cheryl Storie, in connection with any claims arising out of the alleged unlawful conversion of her funds in November of 1985. Plaintiff was also instructed to meet certain requirements before filing any such qualifying action.

Having reviewed plaintiff's petition for writ of habeas corpus, filed in C 10-80137 JW, the court has determined that the petition does not fall within the scope of the undersigned's prior order. While not wholly clear from the allegations stated in plaintiff's current petition, plaintiff appears to take issue with a bankruptcy proceeding that occurred in Maryland and California beginning sometime in or around 1996 and lasting through 1999

at least. Plaintiff also appears to take issue with the actions of various judges and attorneys connected to these proceedings. None of these allegations arise out of the 1985 alleged conversion of plaintiff's funds, nor do they state claims against any of the defendants covered by the court's prior order.

Accordingly, the court determines that plaintiff's petition for writ of habeas corpus does not fall under the February 2007 order issued in plaintiff's earlier filed cases, and the court accordingly takes no further action in approving the filing of plaintiff's petition for writ of habeas corpus, or in otherwise passing upon the merits of plaintiff's current petition.

**IT IS SO ORDERED.**

Dated: April 12, 2011

PHYLLIS J. HAMILTON
United States District Judge

2